E-FILED
Thursday, 22 June, 2006 02:46:04 PM
Clerk, U.S. District Court, ILCD

United States District Court
Central District of Illinois
Urbana Division

ORDER OF DETENTION PENDING TRIAL

**United States of America**                           **Case Number:** 06-20038

v.

**MARCO BELL**

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## PART I - FINDINGS OF FACT

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## ALTERNATE FINDINGS (A)

**X** (1) There is probable cause to believe that the defendant has committed an offense:

|   |   |   |
|---|---|---|
| **X** |  | for which a maximum term of imprisonment of ten years or more is prescribed in **21 U.S.C. § 841(a)(1) and (b)(1)(B)**. |
| ❐ |  | under 18 U.S.C. § 924(c). |
| **X** | (2) | The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. |

### ALTERNATE FINDINGS (B)

| | | |
|---|---|---|
| ❐ | (1) | There is a serious risk that the defendant will not appear. |
| ❐ | (2) | There is a serious risk that the defendant will endanger the safety of another person or the community. |

### PART II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(~~a preponderance of the evidence~~) that:

Defendant presented no evidence to rebut the statutory presumption. The contents of the Pretrial Services Report certainly do not rebut the statutory presumption. Rather, the contents reveal this Defendant to be a danger to the community. That conclusion is based upon his criminal record and his prior parole violation. It is also worthy of note that the charged offense is alleged to have been committed at a time when Defendant was on bond. Consequently, the Court has serious doubts as to the reliability of this Defendant when it comes to honoring commitments made to abide by conditions. Defendant acknowledged spending weekends in a motel room smoking crack cocaine. This sort of behavior furthers the Court's conclusion that Mr. Bell cannot be relied upon to abide by conditions.

### PART III - Directions Regarding Detention

**The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

ENTER this 22nd day of June, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE